## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| M NICOLAS ENTERPRISES, LLC,<br>d/b/a WORLD WIDE HEALTH SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 20-691C<br><br>Filed: February 23, 2022 |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Transfer this matter back to the U.S. District Court for the Southern District of Florida where the case was initially filed. Pl.'s Mot. to Transfer, ECF No. 84. The facts alleged are familiar to the parties. Plaintiff World Wide Health Services, an adult day care facility in West Palm Beach, Florida, submitted a proposal to provide adult day care services in response to a solicitation issued by the Department of Veterans Affairs ("VA"). Op. & Order at 1–2, ECF No. 77. As part of the solicitation process, a VA employee inspecting Plaintiff's facility indicated that the facility's fire alarm system was substantially deficient. *Id.* at 2. Although it disagreed that it was necessary, after further communication with the VA, Plaintiff spent about $10,000 to install a new fire alarm system. *Id.* at 3. Once Plaintiff completed this upgrade, along with correction of all other identified deficiencies, the VA conducted a second inspection of Plaintiff's facility. *Id.* at 3–4. A lack of follow up in the wake of the second inspection prompted Plaintiff to email the VA's named contact for the solicitation, who in response implied that Plaintiff's difficulties with its bid were due to the skin color of Plaintiff's owner and president,

Michelle Nicolas.[1]  *Id.* at 4.  Plaintiff ultimately was not awarded a contract under the solicitation. *Id.*  It also alleges that subsequent notices from and communications with VA officials contained many inaccuracies regarding Plaintiff's facility and that a subsequent solicitation promised by a VA senior official was never issued.  *Id.* at 4–5.

The original complaint filed in the district court alleged civil rights violations under 42 U.S.C. § 1981 and a breach of implied-in-law contract claim under the Tucker Act.  Pls.' Compl. ¶¶ 46–59, ECF No. 1.  In response to the VA's motion to dismiss based, in part, on lack of jurisdiction and sovereign immunity, Plaintiffs[2] filed an amended complaint, this time raising their claims under the Administrative Procedure Act ("APA") and Contract Disputes Act ("CDA"). Pls.' Am. Compl. ¶¶ 51–65, ECF No. 35.  The VA again moved to dismiss, asserting that, among other things, jurisdiction was proper only in this Court and that any APA claims were precluded by the availability of remedies under the CDA and/or the Tucker Act.  Def.'s Mot. to Dismiss Pls.' Am. Compl. at 8–11, 15–19, ECF No. 36.  The district court found that "[t]he crux of Plaintiffs' claims is that the VA discriminated against them on the basis of race by not awarding them a contract to provide day care services for veterans."  Order Transferring Venue at 1, ECF No. 40. Explaining that the Court of Federal Claims has exclusive jurisdiction over "contract claims seeking more than $10,000" and that district courts lack jurisdiction under 28 U.S.C. § 1346(a)(2) to hear contract claims against the United States, the court concluded that it lacked subject matter jurisdiction and transferred the case to this Court.  *Id.* at 2.

---

[1]Ms. Nicolas is African American.  Pls.' Am. Compl. Pursuant to R. 3.1 ¶ 5, ECF No. 57.

[2] Ms. Nicolas was previously a co-plaintiff in this action.  The Court has since dismissed her for lack of standing.  ECF No. 77 at 24–26.

Upon transfer, Plaintiffs filed an Amended Complaint Pursuant to RCFC 3.1, asserting their claims under Tucker Act §§ 1491(a)(1) and (b)(1), the APA, and the CDA.  *See* ECF No. 57.  This Court recently dismissed all claims save for the bid protest claim under § 1491(b)(1), finding that it lacked jurisdiction over (1) any implied-in-fact contract, illegal exaction, or constitutional claims alleged under § 1491(a)(1); (2) any standalone APA claim; and (3) the CDA claim.  ECF No. 77 at 9–24.  As such, the only remaining claim in this suit is Plaintiff's § 1491(b)(1) bid protest claim.  Plaintiff subsequently moved to transfer this case back to the district court pursuant to 28 U.S.C. § 1631.  ECF No. 84.  At the same time, it also filed a notice of voluntary withdrawal of its bid protest, "pending and subject to" the Court's ruling on its Motion to Transfer.  Pl.'s Notice of Voluntary Dismissal with Prejudice at 1, ECF No. 85.

Transfer to another court, including to a district court, is appropriate where the transferring court determines that "(1) it lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been brought in the transferee court; and (3) transfer is in the interest of justice." *Wickliffe v. United States*, 102 Fed. Cl. 102, 110 (2011) (citing 28 U.S.C. § 1631); *see Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012).  A motion to transfer is not "in the interest of justice" where the associated claims clearly lack merit.  *See Bey v. United States*, 153 Fed. Cl. 814, 820 (2021) (citing *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011)).  Nor may a case be transferred if the transferee court lacks subject matter jurisdiction.  *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008).

The impetus for Plaintiff's Motion is its apparent concern that the scope of relief available in this Court on the remaining bid protest claim is "most unlikely to reach the practical relief sought" and that judicial review confined to the administrative record may prevent it from demonstrating the racial discrimination it alleges.  ECF No. 84 at 2–3.  Plaintiff asserts that an

3

action "for equal protection and due process violation under the [Fifth] Amendment" pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is available in the district court and also suggests that the APA authorizes relief on its claims.  ECF No. 84 at 3–4.  It explains that, upon a decision granting transfer, it will dismiss with prejudice its bid protest claim, foregoing "any monetary relief for the value of the contract award sought, [and] for the allowable bid preparation costs that may be sought in the bid protest," so that it can pursue in district court the "constitutional rights and remedies remaining, which would include those claims and associated injuries that occurred outside the scope of [the] solicitation . . . ."  *Id.* at 5. In response, Defendant argues that transfer is inappropriate because neither of Plaintiff's proposed freestanding APA or *Bivens* claims are available in the district court where there already exists in this Court a comprehensive system that affords remedies to disappointed bidders in the procurement process.  Def.'s Resp. in Opp'n to Pl.'s Mot. to Transfer, ECF No. 86.

The Court finds that transfer to the district court is not warranted.  As an initial matter, Plaintiff's Motion fails to appreciate that the district court transferred the case to this Court because, *notwithstanding the allegations of discrimination*, its claims and alleged injuries all stem from and relate to the VA's procurement process and are thus within the exclusive jurisdiction of the Court of Federal Claims.  ECF No. 40 at 1 ("The crux of Plaintiffs' claims is that the VA discriminated against them on the basis of race *by not awarding them a contract* to provide day care services for veterans.") (emphasis added)).  This Court agrees.  The allegations in the Amended Complaint, properly construed, challenge the VA's consideration and denial of Plaintiff's proposal in response to the VA's solicitation.  Although the Court dismissed any independent APA or constitutional claims, including those related to Plaintiff's allegations of racial discrimination, the Court specifically acknowledged that Plaintiff "may assert such

4

allegations in connection with [its] bid protest claim." ECF No. 77 at 19. Despite Plaintiff's attempt to characterize any dismissed claims as viable in the district court because "those claims and associated injuries . . . occurred *outside the scope of [the] solicitation*," ECF No. 84 at 5 (emphasis added), Plaintiff simply does not have any grievance against the VA that is independent of the procurement process.

Regardless, the Court also agrees with Defendant that transfer is not in the interest of justice because Plaintiff cannot state separate APA or constitutional claims that would be within the district court's jurisdiction. As Defendant correctly notes, a plaintiff may bring a claim under the APA in district court challenging "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The Federal Circuit has explained that "[t]he availability of an action for money damages under the Tucker Act or Little Tucker Act is presumptively an 'adequate remedy' for § 704 purposes." *Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1349 (Fed. Cir. 2005) (citing *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 1327–29 (Fed. Cir. 2004)). Thus, a plaintiff cannot merely cite to the APA to avoid the § 1491(b)(1) statutory scheme entirely because district courts do not have "APA-based jurisdiction" in bid protest cases. *See Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1080 (Fed. Cir. 2001) (citing *Novell, Inc. v. United States*, 109 F. Supp. 2d 22, 24–25 (D.D.C. 2000)); *see also Fisher-Cal Indus., Inc. v. United States*, 839 F. Supp. 2d 218, 224 (D.D.C. 2012), *aff'd*, 747 F.3d 899 (D.C. Cir. 2014); *Combat Med., LLC v. Esper*, No. 19-1609, 2020 WL 2115447, at *6 (E.D. Va. May 4, 2020); *Hi-Tech Bed Sys. Corp. v. United States Gen. Servs. Admin.*, No. 11-293, 2012 WL 12871622, at *8 (D. Wyo. Mar. 8, 2012).

Plaintiff's intent to dismiss with prejudice its bid protest claim, subject to transfer, does not eliminate this bar to judicial review. The APA provides a cause of action only to the extent that

another adequate remedy is *not available—i.e.*, where "no other adequate remedy" exists.  5 U.S.C. § 704; *see Christopher Village*, 360 F.3d at 1327.  Plaintiff cannot expand the scope of the APA's waiver of sovereign immunity simply by choosing to forego a remedy that it could (but would rather not) pursue.  *See Telecare Corp.*, 409 F.3d at 1349 ("Because Telecare *can* bring an action under the Tucker Act or Little Tucker Act to redress the alleged improper exaction, there is no waiver of sovereign immunity under the APA." (emphasis added)).

Plaintiff also has failed to demonstrate the availability of its proposed *Bivens* claims.  As with APA claims, *Bivens* claims are unavailable where alternative remedies exist.  *See Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (citing *Bush v. Lucas*, 462 U.S. 367, 378 (1983)).  "Thus, where the 'design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration,' the court should not allow a *Bivens* cause of action to proceed."  *Every v. Dep't of Veterans Affs.*, No. 15-177, 2017 WL 899972, at *3 (D.N.H. Mar. 6, 2017) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)), *aff'd*, No. 17-1493, 2017 WL 8217645 (1st Cir. Dec. 14, 2017).

In *Every*, for example, the owner of a company that contracted with the VA alleged due process and equal protection violations arising out of an unfair bidding process, naming the VA, the General Services Administration, and five agency officials as defendants.  *Id.* at *1.  The Court dismissed the complaint, explaining that because there existed "comprehensive remedial mechanisms" in the Court of Federal Claims for "challeng[ing] alleged improprieties in a federal bid solicitation process," establishing a new remedy for claims for damages arising out of that process would be inappropriate.  *Id.* at *4; *see Info. Sys. & Networks Corp. v. U.S. Dep't of Health & Hum. Servs.*, 970 F. Supp. 1, 10 (D.D.C. 1997) (holding CDA/ADRA remedy provided

comprehensive government contracts dispute regime such that *Bivens* action was barred). Plaintiff's proposed *Bivens* claim is no different, nor does Plaintiff provide contrary case law or other authority establishing such a claim's viability upon transfer to the district court.[3]

This Court undisputedly has jurisdiction over Plaintiff's bid protest claim, including any allegations challenging the VA's consideration and denial of Plaintiff's proposal that are constitutional in nature.  Plaintiff presents no claims independent of its bid protest that it could advance in the district court and thus fails to demonstrate that transfer is in the interest of justice. For these reasons, Plaintiff's Motion to Transfer (ECF No. 84) is **DENIED**.  The parties shall confer and file **by no later than March 25, 2022**, a proposed schedule for future proceedings.  In that proposal, Plaintiff shall confirm whether it seeks to withdraw its Notice of Partial Voluntary Dismissal with Prejudice (ECF No. 85) in light of the Court's ruling.

        **SO ORDERED**.

Dated: February 23, 2022                              */s/ Kathryn C. Davis*
                                              KATHRYN C. DAVIS
                                              Judge

---

[3] Plaintiff's brief also invokes 42 U.S.C. § 1983, asserting that "[a] *Bivens* § 1983 action for equal protection and due process violation under the [Fifth] Amendment is available" in district court.  ECF No. 84 at 3.  A § 1983 claim similarly does not justify a transfer, as § 1983 applies to actions taken under color of *state* law, not federal law, and Plaintiff only alleges wrongdoing by federal officials administering a federal program.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (collecting cases) ("To recover under § 1983, the plaintiff must show that the defendant was acting 'under color' of state law.  Section 1983 does not apply to federal officials acting under color of federal law.").